UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Cort Louis Hessler<br>Jane Bell Hessler<br>209 Bolette Lane<br>Columbia, SC 29229<br>SSN xxx-xx-7576<br>SSN xxx-xx-0336<br><br>DEBTOR(S) | CASE NO: 10-08577<br>CHAPTER: 13<br><br>NOTICE, CHAPTER 13 PLAN,<br>MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |
|---|---|

I. **NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

    A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

    B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

II. **MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

    A. <u>Nonpossessory, Nonpurchase-Money Lien:</u>  The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption Claimed | Estimated security interest/debt | Security interest <u>Not</u> avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

    B. <u>Judicial Lien:</u>  The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated judicial lien | Judicial lien <u>Not</u> avoided (see IV(B)(4) below) | Judicial lien avoided (see (IV(E) below) |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.
[2] For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

1

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| N/A | | | | | |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| N/A | | | | |

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee")</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of $970.00 per month for a period of 60 months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $3,000.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $546.00 was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $500.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

2

2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $N/A and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $N/A or less.

B. <u>Secured Creditor Claims:</u> The plan treats secured claims as follows:

1. <u>General Provisions</u>: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. <u>Long-term or mortgage debt. No default</u>: The debtor is current on obligations to N/A and will continue regular payments directly to that creditor. Description of collateral: N/A.

3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to Wells Fargo Home Mortgage at the rate of $104.00 or more per month, for (209 Bolette Lane, Columbia, SC 29229), along with 0% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

b. Maintenance of regular non-arrearage payments. Beginning, January 2011 the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. <u>Secured portion of claims altered by valuation and lien avoidance:</u> The trustee shall pay the sum of $N/A or more per month, along with N/A% interest until the secured claim of $N/A established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>: The trustee shall pay:

Ally Financial (2006 Chevrolet Silverado) the sum of $286.00 or more per month, along with 5.25% interest until the allowed secured claim is paid in full.

Nuvell Credit Corporation (2007 Chevrolet Tahoe) the sum of $422.00 or more per month, along with 5.25% interest until the allowed secured claim is paid in full.

6. <u>Surrender of property</u>: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: N/A. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

3

7. <u>Secured tax debt:</u> The trustee shall pay <u>N/A</u> the sum of $<u>N/A</u> or more per month until the (net balance or value) of creditor's secured claim plus <u>N/A</u>% interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. <u>Priority Creditors:</u> Priority claims shall be paid as follows:

    1. <u>Domestic Support Claims.</u> 11 U.S.C. § 507(a)(1):

        a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to <u>N/A</u>, at the rate of $<u>N/A</u> or more per month until the balance, without interest, is paid in full.

        b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

        c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

    2. <u>Other Priority debt.</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. <u>Executory Contracts and Unexpired Leases:</u> Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $<u>N/A</u> or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor <u>does not</u> propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date: __12/6/2010__      BY: _____
                                          James E. Hinson
                                          Attorney for Debtors
                                          District Court ID No. 10367
                                          5000 Thurmond Mall, Ste 300
                                          Columbia, SC 29201
                                          (803) 451-5000

_____
Cort Louis Hessler

_____
Jane Bell Hessler

4

**CERTIFICATE OF SERVICE**

      The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The parties served are individually listed on the accompanying list or mailing matrix.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**

William K. Stephenson, Jr.
Chapter 13 Trustee
PO Box 8477
Columbia, SC 29202

Date: 12-6-10

                                              Sarah Milheim, Legal Assistant to
James E. Hinson
Attorney for Debtor
District Court ID No. 10367
5000 Thurmond Mall, Ste 300
Columbia, SC 29201
(803) 451-5000

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 10-08577-jw<br>District of South Carolina<br>Columbia<br>Mon Dec  6 15:42:00 EST 2010 | Ally<br>PO Box 380902<br>Minneapolis MN 55438-0902 | Ally Financial<br>200 Renaissance Ctr<br>Detroit MI 48243-1300 |
| Amcol Systems<br>PO Box 21625<br>Columbia SC 29221-1625 | Barclays Bank Delaware<br>125 S West St<br>Wilmington DE 19801-5014 | CVS/Caremark<br>c/o Transworld Systems<br>2235 Mercury Way<br>Suite 275<br>Santa Rosa CA 95407-5463 |
| Capital One<br>PO Box 85520<br>Richmond VA 23285-5520 | Capital One Bank<br>PO Box 71083<br>Charlotte NC 28272-1083 | Card Services<br>PO Box 13337<br>Philadelphia PA 19101-3337 |
| Citi Financial<br>PO Box 183172<br>Columbus OH 43218-3172 | CitiFinancial<br>1324 Bush River Road<br>Columbia SC 29210-6832 | Citifinancial<br>300 Saint Paul Pl<br>Baltimore MD 21202-2120 |
| Columbia Heart Clinic<br>8 Richland Medical Park Drive<br>Ste 300<br>Columbia SC 29203-8008 | Columbia Heart Clinic<br>c/o Amcol Systems Inc.<br>111 Lancewood Road<br>Columbia SC 29210-7523 | Cort Hessler, III<br>7 Hamilton Road<br>Newton NJ 07860-5448 |
| HSBC Bank<br>PO Box 5253<br>Carol Stream IL 60197-5253 | HSBC Card Services<br>PO Box 5222<br>Carol Stream IL 60197-5222 | HSBC Retail Services<br>Dept. 7680<br>Carol Stream IL 60116-0001 |
| HSBC/Musician's Friend<br>PO Box 703<br>Wood Dale IL 60191-0703 | Heidi Marie Hessler-Allen<br>10111 Celtic Road<br>Chesterfield VA 23838 | Cort Louis Hessler Jr.<br>209 Bolette Lane<br>Columbia, SC 29229-7114 |
| Jane Bell Hessler<br>209 Bolette Lane<br>Columbia, SC 29229-7114 | James E. Hinson<br>Meredith Law Firm<br>5000 Thurmond Mall, Suite 300<br>Columbia, SC 29201-2376 | Home Depot<br>c/o CBE Group<br>Payment Processing Center<br>PO Box 2695<br>Waterloo IA 50704-2695 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | Internal Revenue Service<br>Centralized Insolvency Operations<br>Philadelphia PA 19114-0326 | LFP Northeast<br>76 Polo Road<br>Columbia SC 29223-2806 |
| Lexington Family Practice<br>3314 Platt Springs Road<br>West Columbia SC 29170-2204 | Lexington Radiology<br>c/o Receivable<br>4700 Forest Drive<br>Columbia SC 29206-3119 | Medical Collection Services of LMC<br>PO Box 100274<br>Columbia SC 29202-3274 |

Medical Revenue Services
PO Box 1149
Sebring FL 33871-1149

Meredith Law Firm, LLC
5000 Thurmond Mall, Ste. 300
Columbia SC 29201-2376

NCO Financial Systems Inc.
PO Box 12100
Trenton NJ 08650-2100


North Shore Agency, Inc.-N3C
PO Box 9205
Old Bethpage NY 11804-9005

Nuvell
PO Box 380902
Minneapolis MN 55438-0902

Nuvell
PO Box 38091
Minneapolis MN 55438


Nuvell Credit Company
200 Renaissance Ctr
Detroit MI 48243-1300

Nuvell Credit Company
PO Box 9001951
Louisville KY 40290-1951

Nuvell Financial Services LLC
PO Box 2365
Memphis TN 38101-2365


Onmoor House
c/o North Shore Agency, Inc.
PO Box 361090
Des Moines IA 50336-1090

PMAB LLC
5970 Fairview Rd Ste 800
Charlotte NC 28210-0091

PMAB, LLC
PO Box 12150
Charlotte NC 28220-2150


Palmetto Health Richland
c/o Receivable Management Corporation
1601 Shop Road Ste D
Columbia SC 29201-4855

Paragon Revenue Group
PO Box 127
Charlotte NC 28206-0127

Pitts Radiology
c/o Receivable Solutions
PO Box 6678
Columbia SC 29260-6678


Professeional Pathology Services, PC
PO Box 100559
Florence SC 29502-0559

Providence Hospital
3300 Sunset Blvd.
Suite 101
West Columbia SC 29169-3458

Providence Hospital
PO Box 75207
Charlotte NC 28275-0207


Providence Hospital
c/o Jon Berry & Associates
PO Box 126
Concord NC 28026-0126

Providence Hospital
c/o Medical Data Systems I
128 W. Center Ave. Fl 2
Sebring FL 33870-3103

Providence Hospitals
c/o Jon Barry & Associates
PO Box 126
Concord NC 28026-0126


Receivable Solutions
PO Box 1984
Southgate MI 48195-0984

Receivable Solutions Inc.
PO Box 6678
Columbia SC 29260-6678

Receivable-Solutions
4700 Forest Dr.
Columbia SC 29206-3119


Receivables Management Corporation
PO Box 50685
Columbia SC 29250-0685

Richland County Treasurer
PO Box 8028
Columbia SC 29202-8028

S L M Financial Corp
6000 Commerce Pkwy Ste A
Mount Laurel NJ 08054-2226


SC Department of Revenue
PO Box 12265
Columbia SC 29211-2265

SLM Financial Corporation
PO Box 4400
Wilkes Barre PA 18773-4400

South Carolina Federal Credit Union
PO Box 190012
North Charleston SC 29419-9012

| | | |
|---|---|---|
| William K. Stephenson Jr.<br>PO Box 8477<br>Columbia, SC 29202-8477 | Storage Express<br>860 Community Road<br>Blythewood SC 29016-8261 | Thd/Cbsd<br>PO Box 6497<br>Sioux Falls SD 57117-6497 |
| The Dermatology Group<br>1709 Barnwell Street<br>Columbia SC 29201-2641 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | U.S. Equity Advantage<br>800 North Magnolia Ave.<br>Orlando FL 32803-3252 |
| USEA<br>800 N. Magnolia Ave.<br>Suite 350<br>Orlando FL 32803-3250 | Wells Fargo Financial Cards<br>3201 N 4th Ave<br>Sioux Falls SD 57104-0700 | Wells Fargo Financial Cards<br>PO Box 660041<br>Dallas TX 75266-0041 |
| Wells Fargo Home Mortgage<br>8480 Stagecoach Cir<br>Frederick MD 21701-4747 | Wells Fargo Home Mortgage<br>PO Box 660455<br>Dallas TX 75266-0455 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IRS
Kansas City Service Center
Kansas City MO 64999-0025

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)PMAB, LLC<br>5970 Fairview Rd Ste 800<br>Charlotte NC 28210-0091 | (d)Pitts Radiology<br>c/o Receivable Solutions, Inc.<br>PO Box 6678<br>Columbia SC 29260-6678 | (d)Receivable Solutions, Inc.<br>PO Box 6678<br>Columbia SC 29260-6678 |
| (d)Wells Fargo Financial Cards<br>PO Box 660041<br>Dallas TX 75266-0041 | End of Label Matrix<br>Mailable recipients    70<br>Bypassed recipients    4<br>Total                  74 | |